IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRETT CHASE,

                Plaintiff,                No. 06:12-cv-01857-HZ

    v.

CAROLYN W. COLVIN,
Acting Commissioner of the               OPINION & ORDER
Social Security Administration,

                Defendant.

Merrill Schneider
SCHNEIDER KERR LAW OFFICES
P.O. Box 14490
Portland, Oregon 97293

       Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

Courtney Garcia
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Brett Chase brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on March 23, 2009, alleging an onset date of November 11, 1988, the date he was born. Tr. 123-28. His application was denied initially and on reconsideration. Tr. 62-65, 67-68.

On August 16, 2011, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 36-56. On August 24, 2011, the ALJ found plaintiff not disabled. Tr. 17-33. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on having "ADD," difficulty with learning, and difficulty reading and writing. Tr. 135. At the time of the hearing, he was twenty years old. Tr. 40. He completed eleventh grade. Tr. 41. He has no past relevant work. Tr. 27. Because the parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts

necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 23, 2009, his application date.  Tr. 22.  Next, at steps two and three, the ALJ determined that Plaintiff has the severe impairment of mild mental retardation, but that his impairment does not meet or equal a listed impairment.  Tr. 23.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the nonexertional limitation of carrying out "only simple, 1-to-2 step instructions."  Tr. 24-25.  With this RFC, and with no past relevant work, the ALJ determined at step five that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as laundry worker, janitor, and hand packager.  Tr. 28.  Thus, the ALJ determined that plaintiff is not disabled.  Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial

evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff's sole argument is that the ALJ erred at step five by relying on the vocational expert's (VE) testimony that Plaintiff could perform the occupations of laundry worker, janitor, and hand packager even though the ALJ limited the Plaintiff to jobs with only "simple 1-to-2 step instructions." Plaintiff argues that because the identified occupations all have a "reasoning development level" of two, they are inconsistent with the "1-to-2 step instructions" limitation.

The occupational evidence provided by a VE should be consistent with the occupational information supplied by the Dictionary of Occupational Titles (DOT). Soc. Sec. Ruling (SSR) 00-4p, available at 2000 WL 1898704. Where there is an apparent conflict, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE to support a decision about whether the claimant is disabled. Id. The ALJ may rely on the testimony of a VE over that of the DOT by determining that the explanation given by the VE is reasonable and provides a basis for doing so. Id.; see also Massachi, 486 F.3d at 1153 (ALJ must first determine whether a conflict

5 - OPINION & ORDER

exists and if so, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the VE rather than the DOT) (citing SSR 00-4p).

The ALJ confirmed with the VE that if she testified in a manner that conflicted with the information in the DOT, she would advise the ALJ of the conflict as well as the basis for her testimony. Tr. 51. Later, after identifying the representative jobs, the VE confirmed that her testimony was consistent with the information in the DOT. Tr. 53. Thus, if there is no conflict between the DOT and the VE's testimony that someone with Plaintiff's RFC can perform the identified jobs, the ALJ properly relied on the VE testimony. However, if there is a conflict, there is no VE explanation of the conflict upon which the ALJ may rely in determining that Plaintiff is capable of performing the representative jobs.

The DOT is a Department of Labor publication that identifies duties for jobs and the abilities necessary to perform those jobs. See DOT (4th ed. 1991), available at http://www.oalj.dol.gov/libdot.htm. Each job description in the DOT includes a "definitional trailer" which uses a numerical system to identify the abilities a person needs in order to perform the given job. For example, the janitor job identified by the VE in this case is DOT # 381.687-018 and the description for that job can be found at 1991 WL 673258. The definitional trailer for each job includes a specific "reasoning development level" which uses a one through six scoring system to identify how much reasoning ability is required for the particular job. See, e.g., 1991 WL 673258 (showing janitor job requiring a reasoning level of two).

The components of the definitional trailer are explained in Appendix C to the DOT, available at 1991 WL 688702. The reasoning levels are under the section for "General

6 - OPINION & ORDER

Educational Development" (GED). The GED Scale is composed of three sections: reasoning, math, and language development. Level Two Reasoning is defined as having the reasoning ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." 1991 WL 688702. Level One Reasoning is defined as having the reasoning ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id. Plaintiff argues that jobs requiring Level Two Reasoning are inconsistent with the ALJ's limitation that he has the ability to carry out only simple one- or two- step tasks, a limitation directly correlative to Level One Reasoning.

Earlier this year, I held that an RFC which limited the plaintiff to "simple, routine tasks and instructions" was not inconsistent with Level Two Reasoning because while Level Two Reasoning required the ability to carry out detailed instructions, the word "detailed" was modified by the subsequent words "but uninvolved." Patton v. Astrue, No. 06:11-cv-06423-ST, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013). I explained that when the entire Level Two Reasoning definition is considered, it is clear that although the instructions may be detailed, they may still be simple such as those for a task which requires a number of steps, none of which are complex. Id. Several other decisions have reached the same conclusion. E.g., Pitts v. Astrue, No. 03:10-cv-00785-MO, 2011 WL 3704124, at *7 (D. Or. Aug. 23, 2011) (limitation to "simple, repetitive tasks" not inconsistent with Level Two Reasoning); Koch v. Astrue, No. 03:08-cv-00609-PK, 2009 WL 1743680, at *17 (D. Or. June 15, 2009) (limitation to "simple, routine tasks" was consistent with work identified by DOT as requiring Level Two Reasoning);

7 - OPINION & ORDER

see also Meissl v. Barnhart, 403 F. Supp. 2d 981, 982, 984 (C.D. Cal. 2005) (limitation to "simple tasks performed at a routine pace" was consistent with Level Two Reasoning).

As Judge Mosman noted in a 2011 case, however, a limitation to "simple 1-to-2 step instructions" is distinct from the more general limitations to "simple" and "routine" tasks. Whitlock v. Astrue, No. 03:10-cv-00357-AC, 2011 WL 3793347, at *5 (D. Or. Aug. 24, 2011). Thus, cases holding that a limitation to "simple" and "routine" tasks is consistent with Level Two Reasoning are not applicable to cases where the RFC contains the more specific "one- or two-step" limitation.

There is no controlling Ninth Circuit authority on this issue. District courts within the Ninth Circuit have reached inconsistent conclusions. E.g., Skeens v. Astrue, 903 F. Supp. 2d 1200, 1208-11 (W.D. Wash. 2012) (discussing conflicting cases but holding that RFC limitation to "understanding simple 1- to 2- step instructions and performing simple tasks" was inconsistent with jobs requiring Level Two Reasoning; remanding to allow ALJ to specifically address the plaintiff's ability to perform at the reasoning level required by the proffered jobs); Whitlock, 2011 WL 3793347, at *5 (finding that jobs requiring Level Two Reasoning were inconsistent with an RFC limitation of "simple one to two step commands"); Grigsby v. Astrue, No. 08-cv-1413, 2010 WL 309013, at * 2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning"); but see Lee v. Astrue, No. 1:08-cv-01505 GSA, 2010 WL 653980, at *10-11 (E.D. Cal. Feb. 19, 2010) (restriction to "simple 1 and 2 step directions" not inconsistent with Level Two Reasoning); Harrington v. Comm'r, No. 07-cv-1330 JM, 2008 WL 4492614, at *10-11 (S.D. Cal. Sept. 29, 2008) (RFC providing that claimant could "understand detailed but

uncomplicated instructions and simple one/two instructions" and could "maintain concentration and attention for simple repetitive work" not inconsistent with jobs requiring Level Two reasoning), modified on other grounds, 2009 WL 102689 (S.D. Cal. Jan. 14, 2009).

Defendant contends that Plaintiff's argument rests on a false comparison because the DOT's GED scores do not reflect the actual abilities to perform a job which is what the RFC captures. I disagree. In explaining the GED, the DOT states that the GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." 1991 WL 688702. As Judge Hubel noted in a 2010 decision, "the DOT's own explanation of the reasoning scale suggests that the reasoning level assigned to a job classification does in fact reflect the reasoning skills required for the worker to satisfactorily perform that particular job." Ball v. Astrue, No. 06:09-cv-00764-HU, 2010 WL 3420166, at *16 (D. Or. Aug. 27, 2010) (citing DOT explanation of GED Scale); see also Meissl, 403 F. Supp. 2d at 983 (explaining that "a job's reasoning level . . . gauges the minimal ability a worker needs to complete the job's tasks themselves" and stating that "the issue of a job's simplicity . . . appears to be . . . squarely addressed by the GED reasoning level ratings.") (internal quotation marks and brackets omitted).

Defendant notes that the DOT goes on to state that the education referred to is "of a general nature which does not have a recognized, fairly specific occupational objective," 1991 WL 688702, and argues accordingly that the GED Scale is not intended as a job description or requirement. That may be so, but it does not negate the correlation between a job classification's particular reasoning level to the reasoning skill required for the job. See Ball, 2010 WL 3420166, at *16 (explaining that "while the reasoning scale may generally embrace an

9 - OPINION & ORDER

individual's educational achievements, the DOT indicates that a job classification's particular reasoning level corresponds directly to the reasoning skills required for the worker to satisfactorily perform that particular job."). Additionally, the correlation here could not be more exact: Level One Reasoning requires the ability to "carry out simple one- or two-step instructions" and the ALJ's limitation in this case precisely tracks this language by stating that Plaintiff could "carry out only simple 1-to-2 step instructions." Judge Mosman made the same observation in Whitlock. Whitlock, 2011 WL 3793347, at * 5 (restriction to "simple one to two step commands" not consistent with Level Two Reasoning because the restriction "is a nearly verbatim recital of the DOT definition of reasoning level one.").

I agree with the decisions noted above which hold that an express restriction in the RFC to simple one- and two-step instructions conflicts with jobs requiring Level Two Reasoning. Absent a reasonable explanation by the VE regarding the conflict and a discussion by the ALJ as to why he relies on the VE rather than the DOT, the ALJ's decision is not supported by substantial evidence. Because the conflict between the VE's testimony and the DOT remains, remand is necessary.

CONCLUSION

The Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

Dated this 9th day of Oct, 2013

Marco A. Hernandez
United States District Judge

10 - OPINION & ORDER